# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between **the Mentor Exempted Village School District Board of Education** (the "District"), on the one hand, and **Fei Lon Yung** ("Ms. Yung") and **Arthur Keener** ("Mr. Keener"), on the other hand.  Ms. Yung and Mr. Keener are referred to together as the "Plaintiffs." The District and the Plaintiffs are referred to collectively as the "Parties."

## RECITALS

A.  **WHEREAS**, on or about June 13, 2017, Ms. Yung filed a complaint in the United States District Court for the Northern District of Ohio (the "Court"), styled as *Fei Lon Yung, on behalf of herself and all other similarly situated, v. Mentor Exempted Village School District Board of Education*, Case Number 1:17-cv-01241-SO (the "Action");

B.  **WHEREAS**, the Parties have negotiated and agreed to terms of settlement as to final resolution of the Action, subject to the approval of certain third parties as specified herein.

## AGREEMENTS

NOW, THEREFORE, based in consideration of the mutual promises contained in this Agreement, the Parties agree as follows and incorporate the Recitals herein:

1.  Approval Process.  The Parties agree that this Agreement is expressly conditioned upon the review and approval of (a) the Court; and (b) the Mentor Exempted Village School District Board of Education. Within ten (10) days of the execution of this Agreement, the Parties shall file a Joint Motion for Order Approving Settlement of Collective Action ("Consent Motion") with the Settlement Agreement, agreed-to (proposed) and Order on Consent Motion ("Approval Order"), form copies of which are attached to this Agreement as Exhibit A.  The Parties shall cooperate and present to the supervising Court for its consideration in connection with the approval of the Agreement such information as may be reasonably requested by the Court for approving a wage and hour settlement. In parallel process, the District agrees that that this Agreement shall be submitted for approval by the membership of the Mentor Exempted Village School District Board of Education at its next regularly-scheduled meeting following the Agreement's execution by the Plaintiffs. Upon approval by both the Court and the membership of Mentor Exempted Village School District Board of Education, the Agreement shall be effective and binding on the Parties.

2.  Settlement Payments.  In consideration of Plaintiffs' effective execution of this Agreement and compliance with its terms, the District shall pay the settlement sums outlined below to the parties prescribed below, subject to legally required withholdings for tax purposes as indicated below. These payments shall be delivered as described below to Plaintiffs' attorneys within fourteen (14) days after the later of (a) the date both Plaintiffs have executed this Agreement; (b) the date this Agreement is approved by the supervising Court in the Action; or (c) the date this Agreement is approved by the members of the Mentor Exempted Village School District Board of Education.

{02585613 - 1}

Initial _____

1

Exhibit A

a. **_To Ms. Yung_**: The District shall pay One Thousand Six Hundred Twenty Five Dollars and Zero Cents ($1,625.00), reported by way of IRS Form W-2, Box 1, subject to all legally required withholdings. Additionally, the District shall also pay One Thousand Six Hundred Twenty Five Dollars and Zero Cents ($1,625.00), reported by way of IRS Form 1099-MISC, Box 3. No withholdings will be made from this payment.

b. **_To Mr. Keener_**: The District shall pay Three Thousand Four Hundred Forty One Dollars and Zero Cents ($3,441.00), reported by way of IRS Form W-2, Box 1, subject to all legally required withholdings. Additionally, the District shall also pay Three Thousand Four Hundred Forty One Dollars and Zero Cents ($3,441.00), reported by way of IRS Form 1099-MISC, Box 3. No withholdings will be made from this payment.

c. **Service Payment**: The District shall pay Ms. Yung a service payment of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00) for her involvement in commencing the claims represented in this Action and in helping to bring about this collective outcome. This payment will be reported by way of IRS Form 1099-MISC, Box 3. No withholdings will be made from this payment.

d. **Attorneys' Fees and Costs**: The District shall pay Nilges Draher LLC Fourteen Thousand Four Hundred Ninety Nine Dollars and Seventeen Cents ($14,499.17) for attorneys' fees and Eight Hundred Forty Eight Dollars and Eighty Three Cents ($848.83). Payment of such attorneys' fees, expenses, and costs to Plaintiffs' counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by the District to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Plaintiffs for the claims released by this Agreement. The District shall report the payment of these fees, expenses and costs to Plaintiffs' counsel on an IRS Form 1099. The settlement is conditioned upon the Court's approval of the requested attorneys' fees and costs, and any amount that is not approved by the Court for these payments shall revert back to the District. There shall be no other payment to or liability for legal fees or other payments to any attorney or other person for the claims released by this Agreement other than as set forth herein.

3. <u>Taxes</u>. Plaintiffs and their counsel shall pay in full when due, and shall be solely responsible for, any and all federal, state, or local income and other taxes that are or may be assessed against them respectively relating to the settlement payments made pursuant to this Agreement. Plaintiffs understand and agree that they are solely responsible for, and will indemnify, defend, and hold the District as well as any other District Parties (as defined below) harmless from, any actions, proceedings, claims, or demands for payment of taxes, interest and penalties, levies, or applicable assessments arising out of the consideration provided to them under this Agreement.

4. <u>No Independent Right to Settlement Funds; No Admission of Liability</u>. Plaintiffs acknowledge and agree that, but for this Agreement, the District is not obligated to provide either of them with the settlement sums referenced in Paragraph 1 above, and that such consideration is in exchange for their entering into this Agreement. Plaintiffs will not at any time seek additional consideration in any form relating to the Action from the District except as expressly set forth in this Agreement as to the claims released by this Agreement. Plaintiffs further agree and acknowledge that nothing contained in this Agreement shall constitute or be treated as an admission of liability or wrongdoing by the District, which liability or wrongdoing the District expressly denies. The District enters into this Agreement to avoid further expense and disruption to its operations. The Parties

acknowledge and agree that liability for the actions that are the subject matter of this Agreement is disputed by the District. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

5.  <u>Release</u>. Conditioned upon the Court's entry of the Approval Order and approval by the membership of Mentor Exempted Village School District Board of Education, and in exchange for the monetary consideration recited in this Agreement, Plaintiffs do hereby agree to dismiss the Action with prejudice and release the District Parties (as defined below) from (a) any and all wage claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); (b) any state and/or local wage-and-hour laws or wage payment laws; and (c) any claims asserted in the original or amended complaints filed in the Action, all through the date of full execution of this Agreement. "District Parties" means (d) the District, and each of its past, present, and future board members, officers, employees, administrators, agents, insurers, partners, associates, assigns, representatives, and attorneys; (e) all of the District's affiliated or related entities (including, without limitation, the District's predecessors, successors, and affiliates); and (f) each of these affiliated or related entities' respective past, present, and future board members, officers, owners, employees, administrators, agents, insurers, partners, associates, assigns, representatives, and attorneys. This waiver and release represents a release of claims negotiated and agreed to under the supervision and jurisdiction of the United States District Court for the Northern District of Ohio. This release does not include a release of claims under any collective bargaining agreement between the District and the Plaintiffs' collective bargaining representative.

6.  <u>Confidentiality</u>. Plaintiffs hereby state, represent, warrant, and agree that the circumstances surrounding this Agreement, including without limitation (a) the terms of this Agreement; and (b) the characterizations as to the basis for the payments required herein; are strictly confidential. Plaintiffs agree that neither they nor their counsel will seek or promote publicly, or cooperate in any efforts to promote or publicize, any of the terms or conditions of, or other circumstances surrounding, this Agreement, including, without limitation, the information described in Clauses 6(a)-(b) above. Plaintiffs further agree that, except as provided in this Paragraph 6, neither they nor their counsel will communicate, discuss, disclose, disseminate, or publish the information described in Clauses 6(a)-(b) above. Plaintiffs represent and warrant that they have not engaged in conduct that would have violated the terms of this Paragraph 6 between the time they agreed to terms of settlement through the date they executed this Agreement. Notwithstanding the foregoing, Plaintiffs may communicate information described in Clauses 6(a)-(c) above to their legal counsel, union representatives, tax advisors, and accountants. Except as otherwise specifically provided herein, Plaintiffs agree that if ever asked to disclose the terms of this Agreement or any fact covered by this Paragraph 6, they must state words to the effect of "The matter was settled." and "I cannot comment further."

7.  <u>Non-Disparagement</u>. Plaintiffs agree not to make any false statements or communications to any third party regarding the District or District Parties and not to make any statement regarding the District or District Parties that could be reasonably construed as malicious, disparaging, or defamatory. The District and the District Parties agree that, the

Mentor Exempted Village School District Board of Education (in its official capacity and through its individual members) and the District's administrators shall not make any false statements or communications to any third party regarding Plaintiffs and not to make any statement regarding Plaintiffs that could be reasonably construed as malicious, disparaging or defamatory.

8. **Additional Important Representations and Agreements**.  Each Party further represents, warrants, and agrees as follows:

(a) **Entire Integrated Agreement**.  This Agreement supersedes any prior written or verbal agreement relating to this matter and constitutes the complete agreement between the Parties with respect to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever, whether express or implied in law or fact, have been made by any party to this Agreement, except as specifically set forth in this Agreement.  This is a fully integrated document and the Parties may not rely, and represent that they do not rely, upon any statement of fact or otherwise outside of this Agreement

(b) **No Reliance**.  Except for the statements, representations, and promises expressly set forth in this Agreement, none of the Parties has relied upon any statement, representation, or promise of any other party (or of any employee, attorney, or other representative of any other party) in executing this Agreement, and no other party has made any statements, representations, or promises regarding a fact relied upon by it in entering into this Agreement

(c) **Severability**.  In the event that any provision of this Agreement is held to be illegal, invalid, or unenforceable under applicable law, the remaining provisions of this Agreement will remain in full force and effect and will not be effected by the illegal, invalid, or unenforceable provision and will be interpreted so as to effect, as closely as possible, the intent of the Parties.

(d) **Amendments; Waivers**.  No modification, amendment, or waiver of any of the provisions contained in this Agreement shall be binding upon any party to this Agreement unless made in writing and signed by such party or by a duly authorized officer or agent of such party.

(e) **Governing Law**.  This Agreement shall be construed in accordance with, and governed by, the laws of the State of Ohio without taking into account conflict of law principles.  Any dispute arising under or related to this Agreement shall be brought only in the U.S. District Court for the Northern District of Ohio, Judge Solomon Oliver presiding.  The Parties agree to the exclusive jurisdiction of said court and waive any objection to venue in, or the exclusive jurisdiction of, said court.

(f) **Successors**.  This Agreement shall inure to the benefit of and be binding upon the Parties and their respective heirs, successors, assigns, administrators, executors, and other legal representatives.  In the case of the District, this Agreement is intended to release and inure to the benefit of all District Parties.

(g) **Counterparts and Signature Facsimile**.  This Agreement may be executed in counterparts that shall together constitute one instrument and facsimile or electronically scanned signatures shall have the same force and effect as original signatures.

Exhibit A

   (h) <u>Later Discovery of Facts</u>.  The Parties understand that they may hereafter discover facts different from or in addition to those they now know or believe to be true with respect to matters that are the subject of this Agreement and hereby agree that the releases and agreements contained in this Agreement shall be and will remain effective in all respects notwithstanding such different or additional facts.

   (i) <u>No Assignment of Claims</u>.  Plaintiffs represent and warrant that they have not heretofore assigned or transferred or purported to assign or transfer to anyone or any entity any claims, assertions of claims, demands, actions, causes of action, or suits based upon, arising out of, pertaining to, concerning, or connected with any other matters herein released.  Plaintiffs agree to defend, indemnify, and hold harmless the District and the District Parties against any claim, demand, damage, debt, liability, account, action, cause of action, attorneys' fees actually paid or incurred, cost, or expense arising out of or in connection with any such transfer, assignment, or purported or claimed transfer or assignment.

   9. <u>Knowing and Voluntary Agreement</u>.  PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE CAREFULLY READ AND VOLUNTARILY SIGNED THIS AGREEMENT, THAT THEY HAVE BEEN ADVISED BY COUNSEL OF THEIR CHOOSING AS TO THIS AGREEMENT, AND THAT THEY SIGN THIS AGREEMENT WITH THE INTENT OF RELEASING THE DISTRICT AND THE OTHER DISTRICT PARTIES FROM ANY AND ALL CLAIMS SPECIFIED HEREIN.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates indicated below.

| **FEI LON YUNG** | **MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| Date: _____ | Its: _____ |
| | Date: _____ |

**ARTHUR KEENER**

_____
Signature

Date: _____

{02585613 - 1} Initial _____

5

Exhibit A